tion of the court as an infant, when the decree was passed against him. He was not in a situation to appeal from it, and the present defendants will have it in their power to have the whole proceedings revised by the appellate court. *Decreed*, that *Henry Prutzman*, by a good deed, to be acknowledged and recorded agreeably to law, shall give, &c. unto the petitioner, *Henry Pitesell*, and his heirs, all that parcel of land in *Frederick* county, part of *Paraphrase* and *The Resurvey* on *John's Delight*, containing 166 acres, together with, &c. which was on the 29th day of March 1797, conveyed by *Henry Kuhn*, as guardian and in behalf of *Henry Pitesell*, to the said *Henry Prutzman*, in trust, as by reference to the same will appear, &c. *Decreed* also, that *John Prutzman*, and *Elizabeth* his wife, shall by a good deed, &c. give, &c. unto the petitioner, *Henry Pitesell*, and his heirs, all their interest and right in the said land. *Decreed* also, that the defendants account with the petitioner for the rents and profits of the land, &c.

From this decree the defendants appealed to this court.

*Shaaff*, for the Appellants, contended, 1. That the decree referred to cannot be set aside by a bill, unless that bill suggests fraud, and that fraud be proved; and 2. That in this case there was no fraud. On the *first point*, he cited the acts of *Nov.* 1773, ch. 7, & 1795, ch. 88. *Mosely*, 306. 1 *Harr. Ch. Pr.* 251. *Fountain vs. Caine & Jeffs*, 1 *P. Wms.* 504; and *Napier vs. Effingham*, 2 *P. Wms.* 401.

*Ridgely*, for the Appellee.

DECREE AFFIRMED.

1810.<br>Orme<br>vs<br>Lodge

---

### ORME vs. LODGE.

**ERROR** to *Montgomery* County Court. An action of *slander* was brought by the plaintiff in error, to which the defendant in error put in the plea of justification short, under an agreement that it should be considered as if a good and valid plea of justification had been put in at length in a formal and legal manner, and so plead as the law required a legal justification in such a case to be pleaded, and the issue regularly joined thereon. At the trial, the court having refused to direct the jury on the plaintiff's

--Held, that the plea was not sufficiently pleaded, and upon that ground, reversed the judgment

JUNE.

In an action of slander for words spoken, the plea of justification was put in short, with an agreement of the counsel that it should be considered as if a good and valid plea of justification had been put in at length in a formal and legal manner. The court of appeals, on the record coming before them by a writ of error sued out by the plaintiff

1810.

Shipley
vs
Alexander

prayer, (but which it is not necessary to state here,) he excepted; and the verdict and judgment being against him, he brought the present writ of error.

The cause was argued before CHASE, Ch. J. BUCHANAN, GANTT, and EARLE, J. by

Key, for the Plaintiff in error; and by
Tancy, for the Defendant in error.

CHASE, Ch. J. The plea of justification is not sufficiently pleaded, (being put in short,) and upon that ground the court reverse the judgment.

JUDGMENT REVERSED.

----

JUNE.

SHIPLEY VS. ALEXANDER.

In trespass for mesne profits of land recovered in an action of ejectment—Held, that the judgment in the ejectment was legal and sufficient evidence to support the action, notwithstanding the judgment had been removed to, & was depending in the court of appeals, on writ of error prosecuted by the defendant, and bond having been given as required by law; and altho' no writ of possession had ever issued, and the plaintiff had not made any entry into the premises since bringing the ejectment. That the tenant in possession was estopped by his confession of lease, entry and ouster, and could not controvert either the title or possession of the plaintiff; and it was sufficient for the plaintiff to produce the judgment alone, without showing the writ of execution executed, or possession acquired in any other manner

ERROR to Anne Arundel County Court. Trespass for mesne profits, brought by the defendant in error against the plaintiff in error, on the 22d of February 1806, for the use and occupation of a tract of land called Frog Range, from the 1st of January 1803, until the 21st of February 1806. The general issue was pleaded; and at the trial, the plaintiff in the court below offered and read in evidence a record of proceedings and judgment recovered in the general court at October term 1805, in an action of ejectment, brought in the name of his lessor against the present plaintiff in error, for the recovery of possession of the above mentioned land. The plaintiff then offered evidence of the value of the mesne profits of such land, from the 1st of January 1803 to the 22d of February 1806. It was admitted, on the part of the plaintiff, that the above judgment was rendered on the 10th of November 1805, removed to the court of appeals by the defendant, under and in virtue of a writ of error, and that she gave bond, with sureties, as the law requires, and that the writ of error was still depending in the court of appeals. It was further admitted by the plaintiff, that no writ of possession had ever issued on the judgment, and that he had not made any entry into the premises since the institution of the action of ejectment. The defendant then prayed the court to direct the jury, that the plaintiff was not entitled to recover in this action. But the county court, [Chase, Ch. J.]